## ALLEN et al. v. ALLEN et al.

(*Supreme Court, General Term, First Department.* October 24, 1890.)

DISCOVERY—EXAMINATION OF BOOKS AND PAPERS.

    In an action for the conversion of securities purchased and held by defendants for plaintiffs' testatrix, in her life-time, an order permitting plaintiffs to inspect and take copies of all books of account of defendants from the time they commenced business is too broad, and will be restricted to such books as contained entries relating to defendants' dealings with testatrix, or to the securities from any source received for her, and the disposition thereof.

Appeal from special term, New York county.

Action by Franklin Allen and others, as executors, etc., against Harry Allen and Charles H. Stead. Defendant Allen appeals from an order directing him, within five days, to permit plaintiffs, their attorneys and clerks, to inspect and take copies of all books of account of the defendants, in his possession or under his control, from the time his firm commenced to do business, in 1875, and to deposit such books in the office of the defendants' attorneys until the trial of this action for such inspection.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Donohue, Newcombe & Cardozo,* (*John S. Davenport,* of counsel,) for appellants. *Butler, Stillman & Hubbard,* (*John Notman,* of counsel,) for respondents.

DANIELS, J. The plaintiffs, who are the executors of the estate of Ethelinda V. Allen, are prosecuting this action to recover the value of her securities in the hands of the defendants, and alleged to have been wrongfully converted by them. The defendant Allen has served an answer to the complaint. The summons and complaint were served on the defendant Stead on the 27th of March, 1890; but he has not answered, and whether he is in default or not does not appear. The securities, for the value of which the action is prosecuted, are alleged to have been delivered to, purchased through, and left with, the defendants, as the agents of the testatrix, to be held and retained for her. What these securities were or are the plaintiffs are without knowledge, but in their petition, verified by one of them, they state that the defendants kept books of account, the entries in which will disclose the securities and their disposition; and from the business in which they were engaged during the period in controversy it may be presumed that this statement has been correctly made, and by the petition of the plaintiffs they applied for a deposit and discovery of these books and entries. A multitude of objections have been taken to their application, which do not deserve any special attention, for it is sufficient to sustain the order so far as it includes the books containing the entries relating to this business that the defendants were employed and acted in the capacity of the defendants' agents, and as such kept an account of her dealings with them, and of the disposition of her securities with which they were intrusted. Their relations were confidential, and the executors are entitled to obtain from these books, so far as they may supply it, the in-

formation which will enable them to present and vindicate her rights, and that information is necessary to meet the issues formed by the answer of one of these defendants.    They have so far an interest in these books, and are entitled to appeal to them for such assistance as they will afford in the disposition of this controversy.    *Manley* v. *Bonnel,* 11 Abb. N. C. 123; *Duff* v. *Hutchinson,* 19 Wkly. Dig. 20.    To obtain the order the petition substantially complied with all that has been required by section 805 of the Code of Civil Procedure, and rules 15–17 of the General Rules of Practice, and were entitled to such relief as was adapted to the case made by them.    But the order was much too broad.    It should not have included all the books in the defendants' business from its commencement in 1875, but it should have been restricted to such books as contained entries relating to their dealings with the testatrix, or to the securities from any source received for her, and the disposition of those securities.    Beyond that the executors had no right to consult, and no interest in, the defendants' books; but to that extent they were entitled to inspect and examine them, and to make extracts from them. The defendant Stead swore that these books had passed out of his possession, and into that of the defendant Allen, and he was required to produce and deposit the books, and that he should be directed to do, for their production and examination only at the time of the trial would be wholly inadequate to meet the necessities of the action.    A complete examination before the trial is what the justice of the controversy requires, and so far as that has been provided by the order it should be sustained, but so far as the order exceeds that limit it should be reversed.    To accomplish these ends the order should be modified by requiring all such books to be deposited for the inspection of the plaintiffs and their attorneys or any competent person selected by them to inspect and examine them, who shall be at liberty to make extracts therefrom of any and all entries relating to the dealings of the testatrix with the defendants, or to any securities received by them from any source for her, or to the disposition of any or either of those securities, and, as thus modified, the order should be affirmed, with $10 costs and the disbursements, to abide the result of this action.    All concur.